IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SALIM HAJIANI, | * | |
| Plaintiff, | * | CIVIL ACTION NO: |
| Vs. | * | |
| JOSH THACKER; | * | |
| Defendant. | * | |

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Newnan

DEC 09 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## COMPLAINT

Plaintiff, Salim Hajiani ("Plaintiff"), respectfully files this complaint against defendant Josh Thacker and shows this Court the following.

### I. NATURE OF THE CASE

1. Plaintiff Salim Hajiani brings this action seeking declaratory, injunctive, and monetary relief against defendant. In response to the discriminatory and wholly unjustified denial of an individua's constitutional rights on the basis of his race, religion, and national origin, in violation of the laws of United States.

### PARTIES

2. Plaintiff is and at all times relevant to this action has been a resident of the

State of Georgia.

3. Plaintiff loves this Country! And the freedom and opportunity available here.

4. As a result of his treatment, Plaintiff has been deterred from approaching the defendant, because he is afraid that he will be subjected to similar discriminatory treatments by defendant and their employees in future.

5. If Plaintiff is assured that defendant would not discriminate against him in the future, either as a result of a Court order or other appropriate action by defendants, Plaintiff will continue with the defendant.

6. Defendant is a resident of the state of Georgia, does business in Griffin, Georgia, is a state court judge and controls the Court proceedings from which Plaintiff's constitutional rights were violated.

## Jurisdiction and Venue

7. This Court has Jurisdiction over the subject matter of this action.

8. This Court has personal Jurisdiction over all the parties of this action.

9. The Venue is proper in this Court.

### INTRODUCTORY STATEMENT

10. This lawsuit is bought to ensure that the promise of equal treatment embodied in federal anti- discrimination laws does not become a meaningless

guarantee for persons perceived to be of Arab ancestry.

11. Since the horrific events of September 11, our nation has witnessed an alarming rise in incidents of discrimination against Arab and Muslim Americans, and against persons perceived to be Arab or Muslim.

12. In response to this troubling trend, president bush, in his first address to Congress following the attacks, felt compelled to declare "no one should be singled out for unfair treatment or unkind words because of their background or religious faith."

13. Attorney general Ashcroft was equally adamant in proclaiming, just days after the attacks that "we must not descend to the level of those who perpetrated Tuesday's violence by targeting individuals based on their race, their religion, or their national origin.

14. This suit is bought in response to one such egregious incident. In an act of blatant racial discrimination, Plaintiff Salim Hajiani's constitutional rights were violated by the defendant.

15. Plaintiff brings this suit to ensure that he is never again subjected to unlawful and humiliating treatment by the defendant.

## FACTS

16. On or around 2017, Plaintiff was informed that he would be denied a right

to counsel and thereby his constitutional rights were violated. No adequate reason was provided to Plaintiff for this move.

17. During his visits the defendant's staff would make inappropriate comments to Plaintiff because of his race, religion, and national origin.

18. Plaintiff appealed the case on its own and subsequently lost the appeal. The trial Court did not provide Plaintiff an attorney for his defense even during the jury trial phase. Two times consecutively in a row Plaintiff was denied a public defender and his constitutional rights were violated on both the occasion's.

19. Years ago defendant was an attorney and was dealing in traffic issues. Defendant gave Plaintiff bad legal advice as a result of which he landed in jail for ten days for a three-point traffic ticket violation.

20. Plaintiff criticized the defendant and never visited him again, years later when he became a state Court judge he started retaliating against Plaintiff. Technically speaking he should not even precede over Plaintiff's issue as it would be a conflict of issue.

21. The unfortunate but ineluctable conclusion that must be drawn is that Plaintiff's constitutional rights were violated simply because of his race and religion.

22. Plaintiff was embarrassed and humiliated by his treatment at the hands of defendants.

23. Plaintiff believes that United States affords him rights and freedom. He accordingly seeks a declaration from the Court affirming that defendant acted unlawfully, and an injunction barring defendant from subjecting him to discriminatory treatment in future.

## CLAIMS FOR RELIEF

### COUNT I: 42 U.S.C. _ 1981

### Discrimination in making and enforcing of Contracts

24. Plaintiff incorporates this complaint as if fully set forth herein.

25. All the employees of the defendant's on or around 2017, were at all relevant times agents and/or employees of the defendant.

26. Defendant is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of *respondent superior*.

27. Defendant engaged in intentional discrimination on the basis of Plaintiff's perceived race, color, alienage, religion, or ethnicity in removing or not allowing Plaintiff in their business center.

28. Defendant's action deprived Plaintiff of the right to make and enforce contracts regardless of his race in violation of 42 U.S.C. _ 1981.

## COUNT II

### Title VI of the Civil rights Act of 1964

29. Plaintiff incorporates this complaint as if fully set forth herein.

30. All the employees of the defendant's on or around 2017, were at all relevant times agents and/or employees of defendant.

31. Defendant is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of *respondent superior.*

32. Defendant is the recipient of federal funds and is thus covered by title VI of the civil rights act of 1964 (42 U.S.C. _ 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, *inter alia* race, religion, color, or national origin.

33. Defendants failure to honor Plaintiff's constitutional rights on the basis of Plaintiff's race, religion, color, and/or national origin discriminated against Plaintiff in violation of title VI and its implementing regulations.

## COUNT III

### Breach of Contract

34. All paragraphs of this complaint are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

35. Defendants were parties to a contract with Plaintiff which required defendants, among other things, to provide competent services to Plaintiff.

36. Defendants breached their contract with Plaintiff by, among other things, failing to provide Plaintiff competent services within a reasonable amount of time. Defendants breached the contract by violating Plaintiff's constitutional rights.

37. Plaintiff suffered substantial damage as a direct and proximate result of defendant's breach of contract.

38. Defendants are jointly and severally liable to Plaintiff for breach of Contract.

## COUNT IV

### Intentional Infliction of Emotional Distress

39. All paragraphs of this complaint are hereby incorporated into this paragraph by this reference as if fully restated verbatim herein.

40. By the conduct alleged above which is prohibited under Georgia civil code, the Georgia Constitution, and the public policy of the state of Georgia, defendants acted outrageously, with the intent to cause, or with reckless disregard of the probability of causing Plaintiff severe emotional distress. This conduct, which was unprivileged and unwanted by Plaintiff, actually and proximately caused Plaintiff severe emotional distress.

41. Defendants harmed Plaintiff because those actions caused him to suffer humiliation, embarrassment, mental anguish, and emotional distress. The action of defendants, and each one of them, injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

42. The conduct of defendants proximately caused Plaintiff to suffer, and continue to suffer damages, including injuries to his person in an amount which

43. The conduct of defendants was in reckless disregard to Plaintiff's rights and therefore warrants the imposition of punitive damages.

## Prayer for Relief

Wherefore, Plaintiff respectfully demands a jury trial in this action with respect to all claims and issues in this action triable to a jury by law and respectfully requests the following relief:

a. Plaintiff be awarded Judgment in this action against defendants, jointly and severally;

b. That Plaintiff Recover all legally cognizable damages of every kind, however denominated, from defendants, jointly and severally;

c. That Plaintiff recover from defendants, jointly and severally, all of his reasonable attorney fees and expenses of litigation incurred by Plaintiff in the

prosecution of this action;

d. That Plaintiff Recover from defendants, jointly and severally, all costs incurred by Plaintiff in this action; and

e. That Plaintiff recover from defendants, jointly and severally, all additional remedies and/or relief of every kind that this Court may deem just and proper.

This is the 25th day of November 2020.

Respectfully Submitted,

(Salim Hajiani)

P.O. Box 494

Experiment, GA 30212